# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE SLAUGHTER,<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN BITER, et al.,<br><br>Defendants. | 1:14cv00887 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

Plaintiff Antoine Slaughter ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on June 11, 2014. He names Kern Valley State Prison ("KVSP") Warden Martin Biter, KVSP Chief Deputy Warden D. Davey, Secretary of Corrections Scott Kerman,[1] and KVSP Chief Medical Doctor S. Lopez as Defendants.[2]

## A. LEGAL STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

[1] Plaintiff spells his last name as "Kerman," though it appears the correct spelling is "Kernan."

[2] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on June 25, 2014.

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B. SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is incarcerated at KVSP in Delano, California, where the events at issue occurred.

According to Plaintiff's allegations and his exhibits, he filed an administrative grievance complaining of a toxic amount of arsenic in the drinking water at KVSP on June 6, 2013. As a result of the arsenic levels, Plaintiff suffered from severe "circulatory system reactions," which caused shortness of breath, rashes and overwhelming anxiety.

Plaintiff had been seen by Nurse M. Francis in May 2013, who confirmed the diagnosis and referred Plaintiff for further evaluation of stomach pains, headaches and vomiting.

Plaintiff alleges that Defendants Biter and Davey are legally responsible for the operations of KVSP, and for the welfare of all KVSP inmates. He contends that Defendants Biter and Davey "made or carried out" a policy or practice that led to a widespread health and safety problem. Plaintiff alleges that this problem created an unreasonable risk of serious harm, in violation of the Eighth Amendment.

Plaintiff further alleges that the wrongful actions of Defendants Lopez and Kerman deprived him of his right to be free from arsenic.

**C. DISCUSSION**

1. Defendants Lopez and Kerman

As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Here, Plaintiff alleges that the wrongful actions of Defendants Lopez and Kerman deprived him of his right to be free from arsenic. He does not include any further allegations against them. These conclusory allegations are not sufficient to state a claim against either Defendant Lopez or Defendant Kerman.

2. Eighth Amendment Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff alleges that his health problems are related to Defendants' inaction, and that as a result of the arsenic levels, he suffered from severe "circulatory system reactions." These reactions caused shortness of breath, rashes and overwhelming anxiety. In support of his allegations, he states that Nurse Francis confirmed the diagnosis in May 2013 and referred him for further evaluations.

Plaintiff attaches medical records from May 2013, to his complaint. On May 20, 2013, Plaintiff asked to be seen because he threw up twice in the morning, and had stomach pain and headaches from drinking arsenic water. ECF No. 1, at 14. RN Francis saw Plaintiff on May 20, 2013, and referred him to "TTA" for further evaluation. ECF No. 1, at 15. A May 21, 2013,

progress note states that Plaintiff was seen in TTA for abdominal pain and constipation. Plaintiff said all symptoms were resolved. ECF No. 1, at 17.

Plaintiff's medical records do not show that he was denied the minimal civilized measure of life's necessities, or that prison officials knew of and disregarded a substantial risk of serious harm. In fact, Plaintiff received treatment for his stomach problems and states that they were resolved the next day.

Moreover, there is no indication that Plaintiff's medical problems, even if severe, were caused by the arsenic. Plaintiff's inmate appeal was submitted in June 2013, apparently after he was seen for stomach problems in May 2013. However, while Plaintiff believes that his health problems were caused by arsenic in the drinking water, his exhibits show that the levels had been in compliance since the beginning of 2013.[3] Plaintiff does not appear to allege that the water after the beginning of 2013 was non-compliant. Rather, his complaints relate to an alleged delay in proper remediation long before his May 2013 medical issue.[4]

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Plaintiff's allegations do not meet this standard and he therefore fails to state a claim under the Eighth Amendment.

---

[3] Plaintiff attaches a March 28, 2013, memorandum written by Defendant Biter. The memo sets forth the compliance issues and states that KVSP has been compliant since the beginning of 2013. ECF No. 1, at 13.

[4] In explaining why he was dissatisfied with the Second Level response, Plaintiff states that he has been at KVSP since May 2010, and that Warden was aware of the contamination was responsible for fixing it. He states that the Warden kept changing the projected repair date, which went from June 2010 to October 2011. ECF No. 1, at 10.

3. Defendants Biter and Davey

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Moss v. U.S. Secret Service, 711 F.3d 941, 967-68 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).

"A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

In his complaint, Plaintiff attempts to state a claim against Defendants Biter and Davey based on his contention that they "made or carried out" a policy or practice that led to a widespread health and safety problem. However, as explained above, Plaintiff fails to state a claim under the Eighth Amendment. He is therefore unable to state claim by arguing that Defendants Biter and Davey implemented a policy "so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (internal citations omitted).

Plaintiff therefore fails to state a claim against Defendants Biter or Davey.

**D. CONCLUSION AND ORDER**

Plaintiff's complaint does not state a cognizable claim against any Defendant.

The Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order; and

///

///

///

3. If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated: **December 2, 2014**

/s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE