# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ANTOINE SLAUGHTER, | ) 1:14cv00887 DLB PC |
| Plaintiff, | ) ORDER DISMISSING COMPLAINT |
| vs. | ) WITHOUT LEAVE TO AMEND FOR |
| | ) FAILURE TO STATE A CLAIM |
| MARTIN BITER, et al., | ) |
| Defendants. | ) |

Plaintiff Antoine Slaughter ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action.  Plaintiff filed this action on June 11, 2014.  Pursuant to Court order, he filed a First Amended Complaint ("FAC") on December 22, 2014.  He names Kern Valley State Prison ("KVSP") Warden Martin Biter, KVSP Chief Deputy Warden D. Davey, Secretary of Corrections Scott Kernan, and KVSP Chief Medical Doctor S. Lopez as Defendants.[1]

///

///

---

[1]  Plaintiff consented to the jurisdiction of the United States Magistrate Judge on June 25, 2014.

1

## A.   LEGAL STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235

(9th Cir. 2009); <u>Jones</u>, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  <u>Iqbal</u>, 556 U.S. at 678-79; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  <u>Iqbal</u>, 556 U.S. at 678; <u>Moss</u>, 572 F.3d at 969.

**B.**     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is incarcerated at KVSP in Delano, California, where the events at issue occurred.

According to Plaintiff's allegations and exhibits, he filed an administrative appeal on June 6, 2013, "complaining to a wide spread health care issue. . ."  ECF No. 7, at 3.  The appeal alleged that "based on the data gather[ed] through monitoring the well over the last four quarters of 2011," the levels of arsenic in the KVSP drinking water were above the drinking water standard.  ECF No. 7, at 19-22.  Plaintiff claimed an Eighth Amendment violation and requested $500,000 for exposure and consumption of contaminated water.

Plaintiff contends that the appeal was "ignored by explanation as vague and unhelpful," and that he suffered from severe circulatory reactions causing shortness of breath, rash and overwhelming anxiety.  ECF No. 7, at 3.  Plaintiff's exhibits show that the appeal was bypassed at the First Level.  The appeal was denied at the Second Level on June 27, 2013.  The response explained that while KVSP was not in compliance in 2008, a March 28, 2013, memorandum indicated that an arsenic-removal system was implemented at KVSP and that the water had been in compliance since the beginning of 2013.[2]

Plaintiff states that he was seen by Nurse Francis, who confirmed the diagnosis when he continued to experience stomach pains, headaches and vomiting.  According to his attached medical records, Plaintiff saw Nurse Francis on May 20, 2013, because he was throwing up his food and blood, had "major stomach pain from drinking arsenic water," and a bad headache.

---

[2] Although Plaintiff attached a copy of this memo to his original complaint, he omitted the memo in the FAC.

ECF No. 7, at 9.  On May 21, 2013, Plaintiff stated that all of his symptoms had resolved.  ECF No. 7, at 12.

Plaintiff alleges that Defendants Biter, Davey, Kernan and Lopez are responsible for the safety and security of inmates, and that they violated his rights by an "alleged delay in fixing the drinking water prior to 2013."  ECF No. 7, at 4.  Despite knowing that the water was not in compliance, Defendants failed to take reasonable steps to protect Plaintiff, and to ensure his right to be free from arsenic.  As a result, Plaintiff alleges that he suffers, and will continue to suffer, stomach pain, headaches and vomiting.

**C.**   **DISCUSSION**

1.   Eighth Amendment Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff alleges that his health problems are related to Defendants' inaction, and that as a result of the arsenic levels, he suffered from "severe circulatory system reactions."  ECF No. 7, at 33.  These reactions caused shortness of breath, rashes and overwhelming anxiety.  In support

of his allegations, he states that Nurse Francis confirmed the diagnosis in May 2013 and referred him for further evaluations.

Plaintiff attaches medical records from May 2013, to his FAC.  On May 20, 2013, Plaintiff asked to be seen because he threw up twice in the morning, and had stomach pain and headaches from drinking arsenic water.  ECF No. 7, at 9.  RN Francis saw Plaintiff on May 20, 2013, and referred him to "TTA" for further evaluation.  ECF No. 7, at 10.  A May 21, 2013, progress note states that Plaintiff was seen in TTA for abdominal pain and constipation.  Plaintiff said all symptoms were resolved.  ECF No. 7, at 12.

Plaintiff's allegations in his FAC match the allegations in his original complaint almost exactly.  As the Court previously explained, his medical records do not show that he was denied the minimal civilized measure of life's necessities, or that prison officials knew of and disregarded a substantial risk of serious harm.  In fact, Plaintiff received treatment for his stomach problems and states that they were resolved the next day.

Moreover, there is no indication that Plaintiff's medical problems, even if severe, were caused by the arsenic.  Plaintiff's inmate appeal was submitted in June 2013, apparently after he was seen for stomach problems in May 2013.  However, while Plaintiff believes that his health problems were caused by arsenic in the drinking water, his exhibits show that the levels had been in compliance since the beginning of 2013.[3]  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978)).

---

[3]  As noted above, Plaintiff omitted a copy of the memorandum from his FAC.  However, the Second Level Response refers to the memorandum and explained that arsenic levels had been compliant since the beginning of 2013.

Plaintiff does not appear to allege that the water after the beginning of 2013 was non-compliant.  Rather, he alleges that Defendants delayed in fixing the problem and failed to take reasonable steps to protect him.  The Second Level Response acknowledged that there was a compliance problem beginning on March 10, 2008, and that KVSP continued to notify inmates of the status of the arsenic levels during the process of modifying the water treatment plant. KVSP was working to install an arsenic removal system and had hoped to resolve the problem by November 2012.  As a result of the modifications, drinking water was compliant as of the beginning of 2013.

Plaintiff's conclusory allegations of delay and a failure to take reasonable steps to fix the problem are (1) not supported by his exhibits; and (2) insufficient to state a claim.  Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121-23 (9th Cir. 2012); <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, <u>Iqbal</u>, 556 U.S. at 678 (quotation marks omitted); <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).

The Court explained this to Plaintiff in the prior screening order and he failed to correct the deficiency.  In fact, the only substantive change Plaintiff made was omitting an actual copy of the March 28, 2013, memorandum detailing the steps taken to remedy the issue.

2.    <u>Linkage and Supervisory Liability</u>

As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 129 S. Ct. at 1949 (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Moreover, supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior,* or vicarious liability.  Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Moss v. U.S. Secret Service, 711 F.3d 941, 967-68 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).  "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16.  "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation."  Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff alleges that Defendants Biter, Davey, Kernan and Lopez are responsible for inmate safety, and that despite knowing of non-compliant arsenic levels, delayed in fixing the problem and failed to take reasonable steps to protect Plaintiff.  These allegations, however, are factually insufficient to state a claim against them.  He fails to explain how these supervisory Defendants were either personally involved in the alleged deprivation, or were sufficiently causally connected.  Moreover, without an underlying Eighth Amendment violation, Plaintiff cannot state a claim for supervisory liability.

The Court explained these deficiencies to Plaintiff in the prior screening order, but he has failed to correct them.

**D.      CONCLUSION AND ORDER**

Plaintiff's complaint does not state a cognizable claim against any Defendant.  Plaintiff has been provided with an opportunity to amend, but he failed to change his allegations in any meaningful way.  Accordingly, further leave to amend is not warranted and this action is DISMISSED for failure to state a claim for which relief may be granted.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

IT IS SO ORDERED.

Dated:    **May 28, 2015**                          _/s/ Dennis L. Beck_
                                                    UNITED STATES MAGISTRATE JUDGE